(No. 4013 )

Ford B. Lindeberg, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 18, 1947.*

Roy A. Ptacin, for Claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for Respondent.

Damron, J.

This complaint was filed March 7, 1947 and the evidence heard on June 3, 1947. The record consists of the complaint, transcript of the testimony, departmental report, and stipulation of the parties waiving statement, brief, and argument. No jurisdictional question is raised.

The claimant, Ford B. Lindeberg, 46 years of age, on September 21, 1946, was employed by respondent in the Department of Public Welfare as an attendant at the Chicago State Hospital. On that day while on duty in Cottage Ward 10-11, about 6:45 a.m., he was assaulted by a patient and thrown to the floor injuring his left knee and left hand.

Claimant was immediately examined by the night physician and carried on a stretcher to the employee's infirmary, where he was confined to bed and given first aid. The same morning following further examination and X-rays which disclosed a comminuted fracture of the patella, he was transferred to the Illinois Research Hospital. Additional X-rays were taken and the fracture of the left knee was reduced by a bone operation and

the fragments held in apposition by a wire suture.

Claimant was hospitalized at Illinois Research Hospital until October 16 and then returned to the Chicago State Hospital for further treatment. He was in the hospital until October 29, 1946. He returned to work on December 1, 1946.

Prior to the accident, claimant's general condition, including his left knee and hand, was very good but since then, he has no strength or stability in his leg after normal use and after a few hours work, he experiences pain and is compelled to bandage the leg.

Dr. Albert C. Fields, called on behalf of the claimant, testified that the movement of the knee on palpation was restricted to about three-quarters of normal; with instability of the knee joint and an abnormal increase in lateral movement. The fourth finger of the left hand is held in a flexed deformity with a limitation of extension of about 45 degrees enlargement of the mid-phalangeal joint and an inability of about 10 to 15 degrees in bringing the tip of the finger to the palm of the hand. In his opinion, the condition is described as permanent.

This testimony was further corroborated by X-rays revealing the comminuted fracture of the left patella and the fracture of the fourth finger of the left hand. The fractured knee fragments were not in complete apposition and bony union is not established between the fragments.

Dr. Louis Olsman, surgeon and personnel physician at the Chicago State Hospital, was called as a witness by respondent. He testified in the same respect as to the fractures and in answer to a question by the Assistant Attorney General stated that he (claimant) has obtained as much healing as he will with that fracture. He further testified that a union of the fractured knee was not

obtained and that an X-ray as recent as March 6, 1947, showed three definite fragments separated by about a quarter of an inch with a metal wire encircling the patella. He also found about a 45 degree limitation of extension in the little finger of the left hand.

Commissioner Blumenthal who heard the testimony in this case reports there is a reddened well-healed, crescent-shaped scar about 5½ inches long over the left knee cap and the lack of apposition of the fractured fragments was obvious from observation of the X-ray as was the deformity of claimant's little finger on his left hand.

Claimant's annual average wage was $1,440.00 with a weekly wage of $27.69. His weekly compensation rate would be $13.85 increased by 20% or a total rate of $16.62.

The evidence in this case on behalf of claimant as corroborated by respondent's witness clearly indicates that claimant has sustained a forty per cent permanent and partial loss of use of his left leg for which he is entitled to $1,263.12 at the rate of $16.62 for 76 weeks.

As shown by the record, claimant also suffered a fifty per cent permanent and partial loss of use of the little finger of the left hand for which he is entitled to $166.20 at the rate of $16.62 for 10 weeks.

While at the Illinois Research Hospital claimant personally paid $16.25 for medicines and X-rays as shown by the itemized receipted bills for such charges for which he is entitled to an award reimbursing him for these expenditures.

Claimant returned to work on December 1, 1946 and was entitled to receive $166.20 for 10 weeks temporary total disability. He was paid $115.00 for September, $104.80 for October, and $86.25 for November, or a total

of $306.05 of which $83.07 was earned during September. The balance of $222.98 represents a payment of $56.78 in excess of the $166.20 compensation to which he was entitled and this sum of $56.78 must be deducted from the award.

An award is therefore hereby entered in favor of claimant in the sum of One Thousand Three Hundred Eighty-Eight Dollars ($1,388.79) Seventy-Nine Cents ($1,445.57 less $56.78) of which $698.04 has accrued as of September 20, 1947 and the balance of $690.75 is payable at the rate of $16.62 per week commencing September 27, 1947.

A. M. Rothbart, Court Reporting Service, 120 South LaSalle Street, Chicago, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $47.20. The Court finds that the amount charged is fair, reasonable and customary and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".